# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**JIMMY RICHARD HUSBAND,**

      Petitioner,

v.                                        Civil Action No. **3:18CV271**

**MARK J. BOLSTER,**

      Respondent.

## MEMORANDUM OPINION

Jimmy Richard Husband, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The Government filed a Motion to Dismiss. (ECF No. 11.) For the reasons set forth below, the Government's Motion to Dismiss will be GRANTED and the § 2241 Petition will be dismissed for want of jurisdiction.

### I. Procedural History and Summary of Husband's Claim

"In April 2003, Jimmy Richard Husband . . . pled guilty in the United States District Court for the Eastern District of Virginia to eight counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (d)." *See United States v. Husband*, 119 F. App'x 475, 477 (4th Cir.), *cert. granted, judgment vacated*, 546 U.S. 802 (2005). Following a resentencing, the Court

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless--
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

sentenced Husband to thirty years of imprisonment. *United States v. Husband*, 235 F. App'x 55, 56 (4th Cir. 2007). Thereafter, in 2008, the Court denied Husband's 28 U.S.C. § 2255 Motion. *United States v. Husband*, 325 F. App'x 170, 170 (4th Cir. 2009).

In his § 2241 Petition, Husband challenges his sentence. (*See* § 2241 Pet. 3–4.)[2] Specifically, Husband raises the following claims for relief:

Claim One: "Pursuant to *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), [Husband's] dismissed relevant conduct can no longer be utilized to enhance his sentence." (*Id.* at 3.)

Claim Two: *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), allows Husband "to use [] § 2241 to challenge his illegal detention." (*Id.* at 4.)

As discussed below, Husband fails to demonstrate that *Nelson* has any applicability to his sentence, and thus, he lacks entitlement to relief on either claim.

## II. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115

---

[2] The Court employs the pagination assigned to Husband's submissions by the CM/ECF docketing system and corrects the punctuation, spacing, and capitalization in the quotations from Husband's submissions.

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996);

*Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court

of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not

rendered inadequate or ineffective merely because an individual has been unable to obtain relief

under that provision or because an individual is procedurally barred from filing a § 2255 motion."

*Id.* (citations omitted).[4]

    The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his

or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269

(4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently

expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a
> sentence when: (1) at the time of sentencing, settled law of this circuit or the
> Supreme Court established the legality of the sentence; (2) subsequent to the
> prisoner's direct appeal and first § 2255 motion, the aforementioned settled
> substantive law changed and was deemed to apply retroactively on collateral
> review; (3) the prisoner is unable to meet the gatekeeping provisions of
> § 2255(h)(2) for second or successive motions; and (4) due to this retroactive
> change, the sentence now presents an error sufficiently grave to be deemed a
> fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 139

S. Ct. 138 (2019).[5]

---

    [4] Husband cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by
suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a
motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit
querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*,
359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir.
1996)).

    [5] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to
challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction
> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court

### III. Analysis of Husband's 28 U.S.C. § 2241 Petition

Here, Husband challenges the legality of his sentence. Husband fails to satisfy the second or fourth prong of *Wheeler*. *See Fortenberry v. Ormond*, No. 3:18CV294, 2019 WL 1869854, at *2 (E.D. Va. Apr. 25, 2019) (rejecting identical claim). Specifically, Husband fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018.) Husband suggests that *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), entitles him to relief on his sentence. He is incorrect. In *Nelson*, the Supreme Court held that "[w]hen a criminal conviction is invalidated by a reviewing court and no retrial will occur, . . . the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction." 137 S. Ct. at 1252. Here, Husband fails to identify an invalidated conviction and any fees, costs, or restitution imposed on him for the invalidated conviction. Rather, Husband asserts that he

> was originally indicted on 20 criminal counts. 12 of those counts were eventually dismissed. The only counts Husband pled guilty to were counts 1 through 8. Counts 1 through 8 only involve conduct that occurred between 1995 and 1996. The dismissed counts 9 through 20 includes conduct that occurred all the way up to January 11, 2002. However, when Husband was resentenced in 2006, the Court used Husband's relevant conduct from the dismissed counts to enhance his sentence. And to exacerbate the matter, the district court used the harsher 2001 version of the guideline enhancement. As demonstrated herein, such an enhancement based on dismissed relevant conduct is now at odds with the U.S.

---

> established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

Supreme Court's decision in *Nelson*, and thus presents an error "sufficiently grave"
to be deemed a "fundamental defect."

(Mem. Supp. § 2241 Pet. 15, ECF No. 4.) Contrary to Husband's suggestion here, *Nelson* simply

has no bearing on a court's ability to consider relevant conduct during sentencing. *Walker v.*

*United States*, No. 3:13–CR–00187–01, No. 3:18–CV00332, 2019 WL 4386742, at *3 (S.D.W.

Va. Aug. 22, 2019) ("As is plain from *Nelson*, the Supreme Court's decision does not touch on

sentencing considerations, sentencing guidelines, or relevant conduct in sentencing."), *report and*

*recommendation adopted*, No. 3:13–00187, 2019 WL 4389037 (S.D.W. Va. Sept. 12, 2019);

*Fortenberry*, 2019 WL 1869854, at *2 (rejecting an identical claim). Thus, *Nelson* has no

application to Husband's conviction or sentence.

Because Husband fails to demonstrate that the "settled substantive law changed and was

deemed to apply retroactively on collateral review," and that, "due to this retroactive change, [his]

sentence now presents an error sufficiently grave to be deemed a fundamental defect," *Wheeler*,

886 F.3d at 429, he may not proceed by § 2241.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 11) will be

GRANTED. Husband's § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT

PREJUDICE for want of jurisdiction.

An appropriate Order shall issue.

/s/

John A. Gibney, Jr.
United States District Judge

Date: 27 January 2020
Richmond, Virginia